UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ITYX SOLUTIONS, AG, <br><br> Plaintiff, <br><br> v. <br><br> KODAK ALARIS INC., <br><br> Defendant; Counterclaim Plaintiff, <br><br> v. <br><br> ITYX SOLUTIONS AG; ITYX SYSTEMWICKLUNG OHG; ITYX TECHNOLOGY GMBH; SÜLEYMAN ARAYAN; and HEIKO GROFTSCHIK, <br><br> Counterclaim Defendants. | Civil Action No. 16-cv-10250-ADB |

## MEMORANDUM AND ORDER ON
## KODAK ALARIS, INC.'s MOTION TO DISALLOW BILL OF COSTS

BURROUGHS, D.J.

Plaintiff ITyX Solutions AG ("ITyX Solutions") and Defendant Kodak Alaris, Inc. ("KAI") entered into a strategic partnership to develop and market "intelligent document recognition" software products. After the relationship soured and a commercial dispute arose between them, ITyX Solutions filed this lawsuit against KAI for breach of contract, declaratory judgment, and injunctive relief. [ECF No. 1 ("Complaint")]. KAI in turn brought counterclaims for breach of contract, breach (and aiding and abetting the breach) of a fiduciary duty, tortious interference with contractual and business relations, and declaratory judgment against ITyX Solution as well as the related parties ITyX Systemwicklung OHG ("ITyX OHG"), ITyX Technology GMBH ("ITyX Technology"), ITyX Solution's CEO Süleyman Arayan, and ITyX

Solution's co-founder Heiko Groftschik (collectively with ITyX Solutions, "ITyX"). [ECF No. 122 ("Counterclaims")]. Following a three-week jury trial from November 5 through November 26, 2018, an eleven-member jury returned a verdict in favor of ITyX and found $7,466,045 in damages. [ECF No. 323]. On March 1, 2019, the Court entered a final judgment in the amount of $9,211,699.20 and stated that ITyX was entitled to its costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. [ECF No. 350 ¶¶ 9, 11]. On March 14, 2019, ITyX filed a bill of costs in the amount of $79,600.74. [ECF No. 353]. On April 1, 2019 ITyX amended its bill of costs to exclude the initially requested *pro hac vice* fees and now requests costs of $78,110.74. [ECF No 375-1]. Presently before the Court is KAI's motion to disallow the bill of costs as premature, or alternatively to disallow certain costs that KAI contends are not compensable. [ECF No. 364]. For the reasons explained below, costs of $49,614.15 are ALLOWED.

I. DISCUSSION

Although neither the Federal Rules of Civil Procedure nor the Local Rules for this district impose a deadline for the filing of a bill of costs, see Bergeron v. Cabral, 393 F. App'x 733, 734 (1st Cir. 2010), under the District of Massachusetts Procedures for Filing the Bill of Costs, "[t]he Bill of Costs must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals." Taxation of Costs at 1, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf. Although ITyX filed the instant bill of costs earlier than envisioned by the district's procedures, resolution of the instant bill will not prejudice KAI, and the Court will therefore address the merits of the bill of costs.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "[t]here is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), "[t]he award of costs is a matter given to the discretion of the district court," Sharp v. Hylas Yachts, Inc., No. 11-cv-11814-JCB, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016). "[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation." Sheehy v. Town of Plymouth, No. 95-cv-12425-RBC, 2001 WL 92386, at *3 (D. Mass. Jan. 18, 2001) (quoting Testa v. Village of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996)) (quotation marks omitted). Here, KAI does not dispute that ITyX is the prevailing party, see [ECF No. 364 at 3], and as indicated by the final judgment, KAI will be allowed costs permissible under 28 U.S.C. § 1920 for which it has submitted proper documentation, see [ECF No. 350 ¶ 11]. Therefore, starting with ITyX's request for $78,110.74, the Court will consider the costs to which KAI objects.

### A. Fees for Private Service of Process to Non-Parties

28 U.S.C. § 1920 provides that the Court may tax "[f]ees of the clerk and marshal." KAI objects to $360 in costs for serving subpoenas on three non-parties and argues that the recovery should be limited to the fees that the marshals would have charged, had the marshals served process. ITyX argues that the U.S. Marshals Service no longer serves summonses and subpoenas in civil cases and that it should therefore be allowed the full costs of its private process server. [ECF No. 364 at 6–7]. The Court will allow the $360 in service of process fees.

### B. Transcript Costs

Under 28 U.S.C. § 1920, fees for transcripts "necessarily obtained for use in the case," are recoverable. Transcripts are "necessarily obtained for use in the case" if they are "either introduced in evidence or used at trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). Deposition transcript fees may also be recoverable "if special circumstances warrant it," id., however, using deposition transcripts only to prepare for trial or in legal memoranda is not sufficient to impose costs, see Haemonetics Corp. v. Fenwal, Inc., 863 F. Supp. 2d 110, 116–17 (D. Mass. 2012); Walters v. President & Fellows of Harvard Coll., 692 F. Supp. 1440, 1443 (D. Mass. 1988) ("Although these depositions may well have been necessary to the thorough preparation of the plaintiff's case, she has not demonstrated any special circumstances warranting the recovery of the associated costs."). ITyX seeks $38,858.63 in transcript costs. [ECF No. 375-1]. KAI challenges $12,041.78 is transcripts costs for transcripts that were not introduced into evidence or used at trial, $12,441.10 for deposition transcripts that relate to ITyX's own witnesses, $990 in costs associated with a videotaped deposition, $1,701.20 for miscellaneous costs associated with obtaining transcripts, $3,679.00 for costs for trial transcripts, and $94.50 for costs associated with the preliminary injunction transcript. [ECF No. 364 at 6–10]. The Court will reduce the bill of costs by $12,041.78 for printed and electronic transcripts that ITyX did not introduce into evidence and $94.50 for the preliminary injunction transcript considering that ITyX did not prevail in obtaining a preliminary injunction. The Court concludes that the remaining costs were for transcripts and associated services that were necessarily obtained for use in this case and will allow transcript costs of $26,722.35.

### C. Printing and Copying

KAI challenges substantially all of ITyX's $10,224.35 printing costs. [ECF No. 364 at 11]. A judge or clerk may tax as costs "[f]ees and disbursements for printing" and "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(3)–(4). Here, the Court accepts ITyX's representation that the $10,224.35 figure only includes expenses for "printing and copying costs for copies of documents marked as exhibits at depositions, for the two demonstrative exhibits used at trial, and for the witness binders that were used during the witness examinations during trial." [ECF No. 374 at 10–11]. ITyX has not shown, however, that the $3,243.87 of the included printing costs for exhibits used at depositions in late 2017 and late 2018 were "necessarily obtained for use in the case," and the Court will therefore reduce the bill of costs by that amount and allow printing and copying costs of $6,980.48.

### D. Witness Fees

ITyX requests $22,942.26 in fees for witnesses. Fees for non-party witnesses are taxable for witnesses who give relevant and material testimony in the case. See 28 U.S.C. § 1920(3). Although not binding on this Court, the District of Massachusetts Procedures for Filing the Bill of Costs provides that witness fees "for employees of a corporate party are allowable so long as the employees are not [themselves] real parties in interest." Taxation of Costs at 3, http://www.mad.uscourts.gov/resources/pdf/taxation.pdf. The Court will reduce the bill of costs by the $13,116.44 in expenses associated with Mr. Arayan and Mr. Groftschik because they were parties to the litigation. The remaining $9,825.82 in witness costs are allowed.

### E. Compensation of Interpreters and Interpretation Services

28 U.S.C. § 1828 provides for special interpretation services and allows for the reimbursement of associated costs at the discretion of the "presiding judicial officer." Additionally, 28 U.S.C. § 1920 permits a judge or clerk to tax "compensation of interpreters." ITyX requests $5,325.50 in costs for obtaining certified English translations of German language documents that were admitted into evidence or were necessary for trial preparation. Those expenses were necessary for trial, and the costs are therefore allowed.

## II. CONCLUSION

Accordingly, the KAI's motion to disallow ITyX's bill of costs is GRANTED IN PART and DENIED IN PART. The Court allows costs of $49,614.15.

| Bill of Costs | Requested | Decision | Allowed |
|---|---|---|---|
| **Fees of the Court** | $400.00 | Allowed | $400.00 |
| **Fees for Service of Summons and Subpoena** | $360.00 | Allowed | $360.00 |
| **Fees for Printed or Electronically Recorded Transcripts** | $38,858.63 | Reduced | $26,722.35 |
| **Fees and Disbursements for Printing** | $10,224.35 | Reduced | $6,980.48 |
| **Fees for Witnesses** | $22,942.26 | Reduced | $9,825.82 |
| **Interpretation Services** | $5,325.50 | Allowed | $5,325.50 |
| **SUM** | **$78,110.74** | | **$49,614.15** |

SO ORDERED.

June 19, 2019

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE